UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
EASTERN SAVINGS BANK, FSB,

        Plaintiff,

   -against-

AUL WHYTE a/k/a AUL BRIAN WHYTE;
JFD CONTRACTING CO., INC.;
CONSOLIDATED EDISON CO. OF NEW
YORK, INC.; FIA CARD SERVICES, N.A.;
NEW YORK CITY PARKING VIOLATIONS
BUREAU; NEW YORK CITY
ENVIRONMENTAL CONTROL BOARD;
MICHAEL DAVENPORT; ANDREW
DAVENPORT; CHRIS DAVENPORT;
MICHAEL PEREZ; JENNIFER TARIN;
ALEXANDRO TARIN; and ROBERT
CENADA,

        Defendants.
------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
13-CV-6111 (CBA)(LB)

**AMON, Chief United States District Judge.**

On November 4, 2013, plaintiff Eastern Savings Bank, FSB ("Eastern") brought the instant action against Aul Whyte; JFD Contracting Co., Inc. ("JFD"); Consolidated Edison Co. of New York, Inc. ("Con Ed"); FIA Card Services, N.A. ("FIA"); New York City Parking Violations Bureau ("PVB"); New York City Environmental Control Board ("ECB"); Michael Davenport ("Davenport"); Andrew Davenport; Chris Davenport; Michael Perez; Jennifer Tarin; Alexandro Tarin; and Robert Cenada. Eastern seeks to foreclose on a mortgage executed by Whyte, which is secured by real property located at 232 Tompkins Avenue in Brooklyn, New York. All defendants were served with both the original and amended complaints, but Davenport is the only defendant who has answered the complaint or otherwise defended against the action. Accordingly, on May 9, 2014, Eastern filed a motion for default judgment which requests that the Court: (1) enter default judgment against all non-appearing defendants except Con Ed; and (2) enter default judgment against Davenport on the basis of his failure to file a

1

timely answer or, in the alternative, strike the answer filed by Davenport. The Court subsequently referred the motion to Magistrate Judge Lois Bloom for report and recommendation.

On August 11, 2014, Magistrate Judge Bloom issued a report and recommendation ("R&R"), recommending that the Court: (1) enter a default judgment against all non-appearing defendants, including Con Ed despite Eastern's failure to move for default judgment as to Con Ed; (2) deny Eastern's request for a default judgment against Davenport; and (3) deny Eastern's request to strike Davenport's answer. The R&R further recommends that the Court enter judgment pursuant to Federal Rule of Civil Procedure 54(b) against Whyte as follows: (1) $554,198.32 for the principal amount due on the modified note; (2) $33,271.14 for accrued interest on the principal through February 8, 2014, as well as additional accrued interest from February 9, 2014 through the date of entry of judgment at a pier diem rate of $134.70; (3) $467.50 in late fees; (4) $215,356.71 in deferred amounts; (5) $35,695.93 for the negative escrow balance, plus $3,329.00 in interest accrued on this balance through February 8, 2014, and interest at a pier diem rate of $8.68 from February 9, 2014 through the date of entry of judgment; and (6) $3,870.00 in attorney's fees and $3,205.59 in costs and expenses. The R&R also recommends that Eastern file a revised Order of Judgment and Foreclosure in accordance with the Court's Order.

When deciding whether to adopt a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). To accept those portions of the R&R to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." Jarvis v. N. Am. Globex Fund, L.P., 823 F. Supp. 2d 161, 163

(E.D.N.Y. 2011) (internal quotation marks and citation omitted). When specific objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3).

On August 13, 2014, Eastern filed a letter to Magistrate Judge Bloom which appears to be an objection to the rate at which post-judgment interest will accrue. (See Docket Entry ("D.E.") # 42.) Specifically, Eastern notes that the R&R recommended an award of interest on the principal amount due through the date of entry of judgment, and that Eastern therefore assumes that interest will accrue at the statutory rate after the entry of judgment. According to Eastern, "[t]his is concerning because if there is a delay in conducting the foreclosure sale interest will continue to accrue at a rate that is significantly less than what is provided for in the loan docs." (Id.) Eastern accordingly requests that the Court "grant interest through the transfer of the Referee's Deed according to the Note and Mortgage." (Id.) The Court notes that Eastern did not squarely present this argument to Magistrate Judge Bloom prior to the issuance of the R&R.

As an initial matter, "the federal post-judgment interest rate provided for in 28 U.S.C. § 1961 applies in diversity cases." FCS Advisors, Inc. v. Fair Fin. Co., Inc., 605 F.3d 144, 147 (2d Cir. 2010) (citing Westinghouse Credit Corp. v. D'Urso, 371 F.3d 96, 102 (2d Cir. 2004)). This rate generally applies in calculating post-judgment interest because "the general rule under New York and federal law is that a debt created by contract merges with a judgment entered on that contract." FCS Advisors, Inc., 605 F.3d at 148 (quoting D'Urso, 371 F.3d at 102) (internal quotation marks omitted). However, "parties are free to agree to a different post-judgment interest rate by contract, provided that they do so through 'clear, unambiguous and unequivocal language.'" FCS Advisors, Inc., 605 F.3d at 147 (quoting D'Urso, 371 F.3d at 102).

3

Here, Eastern has not identified a provision of the note or the modified note that evidences a "clear, unambiguous and unequivocal" agreement that the interest rate under the modified note—8.75 percent—will apply to judgments entered on that note. The note provides that "[i]nterest will be charged on unpaid principal until the full amount of Principal has been paid. . . . The interest rate required by this [provision] . . . is the rate I will pay both before and after any default described in Section 7(B) of this Note." (Adjustable Rate Note § 2, D.E. # 38-3.) Section 7(B) of the note states "[i]f I do not pay the full amount of each monthly payment on the date it is due, I will be in default." (Id. § 7(B).)[1] This does not express a clear intent to apply the contract rate of interest to judgments entered on the note, and the Court therefore rejects Eastern's objection. See D'Urso, 371 F.3d at 102 (finding parties did not contract out of the interest rate provided for in § 1961 when they agreed to 15.5 percent interest rate for any arbitration award "from the date payment was due to the date payment was made" because "[t]he parties failed to state that this rate would apply to judgments rendered on that award"); see also SDF9 COBK LLC v. AF & NR LLC, 12-CV-3078(ENV)(RML), 2014 WL 4244296, at *2 (E.D.N.Y. Aug. 26, 2014) (rejecting identical objection to a report and recommendation because plaintiff had "not pointed to any loan documents or applicable case law that would authorize the imposition of any rate of post-judgment interest other than that provided by statute"). Post-judgment interest shall accrue at the statutory rate provided for in 28 U.S.C. § 1961.

The Court has reviewed the remaining portions of the R&R to which no timely objection was made and, finding no clear error, adopts the R&R's recommendations with the following additional discussion.

---

[1] Despite the execution of the modified note—which changed the applicable interest rate on the principal to 8.75 percent—the terms of the note remain in force to the extent they are not altered by the modified note. (See Modification to Note §§ 3, 10, D.E. # 38-7.) These terms of the note have not been modified.

The R&R recommends entering default against all non-appearing defendants, which includes Whyte—the mortgagor—and several other entities and individuals who were named as defendants because they may have claims against Whyte (the "non-mortgagor defendants"). New York Real Property Actions and Proceedings Law § 1311 provides that the necessary parties to a mortgage foreclosure action include: "[e]very person having any lien or incumbrance upon the real property which is claimed to be subject and subordinate to the lien of the plaintiff." N.Y. RPAPL § 1311(3). "This rule derives from the underlying objective of foreclosure actions—to extinguish the rights of redemption of all those who have a subordinate interest in the property and to vest complete title in the purchaser at the judicial sale." Bank of Am., N.A. v. 3301 Atlantic, LLC, No. 10-CV-5204(FB), 2012 WL 2529196, at *14 (E.D.N.Y. June 29, 2012) (quoting N.C. Venture I, L.P. v. Complete Analysis, Inc., 803 N.Y.S.2d 95, 98 (2d Dep't 2005)). Courts in this district have found that entry of default judgment pursuant to Federal Rule of Civil Procedure 55 is appropriate where the complaint alleges "nominal liability—i.e., that any judgments the Defaulting Defendants may have against [the debtor], if liens on the mortgaged property, are subordinate to the [plaintiff's] lien." Christiana Bank & Trust Co. v. Dalton, No. 06-CV-3206(JS)(ETB), 2009 WL 4016507, at *5 (E.D.N.Y. Nov. 17, 2009); see also Eastern Sav. Bank, FSB v. Rabito, 11-CV-2501(KAM)(VVP), 2014 WL 4804872, at *7 (E.D.N.Y. Sept. 10, 2014), report and recommendation adopted by 2014 WL 4804901 (E.D.N.Y. Sept. 26, 2014); Bank of Am., N.A. v. 3301 Atlantic, LLC, No. 10-CV-5204(FB), 2012 WL 2529196, at *14 (E.D.N.Y. June 29, 2012).

Here, the complaint contains well-pleaded allegations of nominal liability on the part of each non-mortgagor defendant. (See Am. Compl. ¶¶ 4-6 (alleging that JFD, Con Ed and FIA are necessary parties based on state court judgments against Whyte); id. ¶¶ 7-8 (alleging that PVB

5

and ECB are necessary parties based on Whyte's failure to pay tickets from both entities); id. ¶¶ 10-15 (alleging that the Davenports, the Tarins, Perez and Cenada are necessary parties because they are tenants of the mortgaged property);[2] id. ¶ 16 (alleging that each of the non-mortgagor defendants "claims to have or may claim to have some interest in or lien upon said mortgaged premises . . . which interest or lien, if any, has accrued subsequent to, and is subject and subordinate to, the lien of said Mortgage").) A default judgment terminating any rights the non-mortgagor defendants may have in the foreclosed property is therefore proper.

## CONCLUSION

Accordingly, Eastern's motion for default judgment is granted as to defendants JFD Contracting Co., Inc., FIA Card Services, N.A., New York City Parking Violations Bureau, New York City Environmental Control Board, Andrew Davenport, Chris Davenport, Michael Perez, Jennifer Tarin, Alexandro Tarin, and Robert Cenada, and default judgment is also entered against Consolidated Edison Co. of New York. Eastern's motion for default judgment against defendant Michael Davenport is denied, and Eastern's motion to strike Davenport's answer is also denied.

Eastern's motion for the entry of judgment against defendant Aul Whyte is granted, and judgment is to be entered for Eastern and against Whyte as follows: (1) $554,198.32 for repayment of the principal amount due under the modified note; (2) $33,480.72 in interest on the principal through February 8, 2014, and additional interest for the period February 9, 2014 until the date of entry of judgment at a per diem rate of $132.86;[3] (3) $467.50 in late fees; (4)

---

[2] With respect to the tenant defendants, the R&R notes that Michael Davenport may not be a necessary party because his answer indicates he is a month-to-month tenant. (R&R at 12 n.6.) The amended complaint, however, does not indicate what type of tenancy the defaulting tenants hold, but rather only alleges that they are "tenants." "Under New York law, tenants of a property are necessary parties to a foreclosure action." Eastern Sav. Bank, FSB v. McLaughlin, No. 13-CV-1108(NGG)(LB), 2014 WL 692864, at *5 (E.D.N.Y. Feb. 21, 2014) (adopting report and recommendation) (internal quotation marks and citation omitted).

[3] This figure differs from the R&R because the Court found that Eastern's interest calculation was slightly inaccurate. (See Aff. of Terry Brown of Statement of Damages, Ex. B.) The interest rate of 8.75 percent on the principal amount of $554,198.32 yields a per diem rate of $132.86, not $134.70 as indicated in the exhibit

$215,356.71 in deferred amounts; (5) $35,695.93 for the negative escrow balance; (6) $3,329.00 in interest accrued on the negative escrow balance through February 8, 2014, and a per diem interest of $8.68 from February 9, 2014 to the date of entry of judgment; and (7) $3,870.00 in attorney's fees and $3,205.59 in costs and expenses. Further, as discussed above, post-judgment interest shall accrue pursuant to 28 U.S.C. § 1961.

Eastern is ordered to serve a copy of this Order on the defaulting defendants and file a proof of service with the Court. Eastern is further ordered to submit a revised proposed Judgment of Foreclosure and Sale consistent with this Order within two weeks of the date of this Order.

SO ORDERED.

Dated: February 24, 2015
Brooklyn, New York

s/Carol Bagley Amon
Carol Bagley Amon
Chief United States District Judge

---

calculating interest. Moreover, this exhibit calculates the period between June 1, 2013 and February 8, 2014 as 247 days, but there are in fact 252 days in this time period. The award of interest on the principal has been modified accordingly.