UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
EASTERN SAVINGS BANK, FSB,

        Plaintiff,

-against-

AUL WHYTE a/k/a AUL BRIAN WHYTE; JFD
CONTRACTING CO., INC.; CONSOLIDATED
EDISON CO. OF NEW YORK, INC.; FIA CARD
SERVICES, N.A.; NEW YORK CITY PARKING
VIOLATIONS BUREAU; NEW YORK CITY
ENVIRONMENTAL CONTROL BOARD; MICHAEL
DAVENPORT; ANDREW DAVENPORT; CHRIS
DAVENPORT; MICHAEL PEREZ; JENNIFER
TARIN; ALEXANDRO TARIN; and ROBERT
CENADA,

        Defendants.
------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM AND ORDER**
13-CV-6111 (CBA) (LB)

**AMON, Chief United States District Judge:**

Plaintiff Eastern Savings Bank, FSB ("ESB") filed the instant action on November 4, 2013, seeking to foreclose on a mortgage executed by defendant Aul Whyte. (D.E. # 1.) All defendants were served with both the original and amended complaints, but only Michael Davenport answered. (See D.E. # 34.) Accordingly, the Clerk of Court entered a default against all defendants other than Davenport on January 24, 2014. (D.E. # 36.) ESB then moved for a default judgment, (D.E. # 38), which was referred to the Honorable Lois Bloom, United States Magistrate Judge, for Report and Recommendation, (D.E. dated May 15, 2015). Adopting Magistrate Judge Bloom's recommendations, this Court granted default judgment against all the non-appearing defendants, including Whyte, on February 24, 2015. (D.E. # 43.)

On March 16, 2015, after failing to appear in this action for nearly a year and a half, Whyte requested a pre-motion conference to discuss filing a motion to vacate the default judgment. (D.E. # 46.) That motion was to be fully briefed by May 11, 2015, but the parties inexplicably failed to file the fully briefed motion by that date. On May 22, 2015, the Court ordered Whyte to file the

1

fully briefed motion in accordance with the Court's Individual Rules by May 27, 2015, and explicitly warned that the Court would deem the motion abandoned if he failed to do so. (D.E. # 55.) The May 27 deadline came and passed, and Whyte again failed to file the fully briefed motion. Whyte did not attempt to seek an extension or otherwise provide any explanation for his repeated failures to comply with the Court's orders. Accordingly, on May 29, 2015, the Court deemed Whyte's motion to vacate the default judgment abandoned. (D.E. # 56.)

Nearly two weeks later, Whyte requested by letter that the Court restore his abandoned motion. (D.E. # 58.) In that letter, Whyte claims for the first time that he was not timely served with ESB's opposition. ESB disputes this account and argues that Whyte's request should be denied "in light of his dilatory conduct and flagrant disregard for the Court's rules and Orders." (D.E. # 59.) The Court agrees and, alternatively, concludes that Whyte's motion is meritless for the reasons stated below.

## DISCUSSION

### I. Whyte's Unsubstantiated Allegations Regarding Service of ESB's Opposition Do Not Justify His Repeated Violations of This Court's Orders and Rules

Whyte implores the Court to "restore" a motion that was deemed abandoned after he twice, and inexplicably, failed to file the fully briefed motion by the Court-ordered deadline. Whyte asks the Court to overlook these omissions by claiming, for the first time, that he was not timely served with ESB's opposition. Whyte offers no evidence to support this allegation, which is wholly belied by the notarized affidavit of service demonstrating that ESB timely served its opposition on May 4, 2015. (See D.E. # 59 at 3.)

Moreover, even if the Court were inclined to credit Whyte's uncorroborated version of events, that account neither explains nor excuses Whyte's conduct in this action. Even if Whyte did not receive ESB's opposition until May 20, 2015, as he contends, the Court fails to understand

2

why Whyte was unable to meet the May 27 deadline—particularly given that Whyte was initially allotted only seven days to brief his reply, (see D.E. dated Apr. 2, 2015). Nor does Whyte's account explain why he let not one, but two Court-ordered deadlines lapse without requesting an extension or otherwise notifying the Court that he would be unable to comply, even after the Court made clear that a second failure to file the fully briefed motion by the deadline would result in abandonment of the motion. In short, Whyte has offered no explanation for repeatedly flouting this Court's rules and orders, occasioning significant delay at the expense of both ESB and the Court. The Court sees no justification for restoring Whyte's abandoned motion and declines to exercise its discretion to do so.

## II.  Whyte's Motion to Vacate the Default Is Meritless

Alternatively, the Court concludes that Whyte's motion fails on the merits. After Whyte requested that the Court restore his abandoned motion to the docket, the Court ordered Whyte to file all submissions related to the motion, which had never been filed. (D.E. dated June 15, 2015.) In an abundance of caution, the Court has reviewed those papers and now concludes that Whyte's motion to vacate the default is meritless.

Federal courts consider three factors in deciding whether to vacate a default judgment: "(1) whether the default was willful; (2) whether [the] defendant has a meritorious defense; and (3) the level of prejudice that may occur to the non-defaulting party if relief is granted." Davis v. Musler, 713 F.2d 907, 915 (2d Cir. 1983). Because Whyte has neither adequately explained his default nor presented any meritorious defenses, the Court sees no reason to vacate the default here.

### A.  Whyte's Attempt to Justify His Default by Alleging Improper Service Fails

Whyte attempts to justify his default by alleging that he was not properly served with the summons and complaint and, alternatively, seeks dismissal of the complaint for lack of service. "[A] properly filed affidavit of service by a plaintiff is prima facie evidence that service was

3

properly effected." Ahluwalia v. St. George's Univ., LLC, 63 F. Supp. 3d 251, 260 (E.D.N.Y. 2014); see also Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc., 301 F.3d 54, 57 (2d Cir. 2002) ("In New York, a process server's affidavit of service establishes a prima facie case of the account of the method of service. . . ."). Although this presumption can be rebutted by "[a] defendant's sworn denial of receipt of service," the defendant must himself swear to "specific facts to rebut the statements in the process server's affidavits." Id. (citing Skyline Agency, Inc. v. Ambrose Coppotelli, Inc., 502 N.Y.S.2d 479, 483–84 (2d Dep't 1986); Simonds v. Grobman, 716 N.Y.S.2d 692, 693 (2d Dep't 2000)). An affirmation by counsel is not sufficient to rebut a sworn affidavit of service. Lynch v. N.Y.C. Trans. Auth., 12 A.D.3d 644, 646 (2d Dep't 2004).

ESB has filed affidavits by process servers attesting to personal service of the summons, complaint, and amended complaint on Whyte. (See D.E. # 5 (attesting to personal service of Summons and Complaint on November 25, 2013); D.E. # 28 (attesting to personal service of amended complaint on December 28, 2013).) These affidavits are prima facie evidence of proper service. See Ahluwalia, 63 F. Supp. 3d at 260.

To rebut this prima facie showing, Whyte submits only the statement of his attorney that, "after searching his records and memory . . . [Whyte] is positive that he was not home" on the date and time ESB served the summons and complaint. (D.E. # 60 at 13.) This denial of service by Whyte's counsel is "insufficient to rebut the statements in the process server's affidavit." Lynch, 12 A.D.3d at 646. Whyte has not presented his own affidavit or any other evidence to support his denial of service, nor has he denied being served with the amended complaint. As such, Whyte has not rebutted ESB's prima facie evidence of service, and the Court presumes he was properly served. See Old Republic, 301 F.3d at 57. Whyte has thus failed to adequately explain his default.

## B. Whyte's Only Defense to the Mortgage Foreclosure Action Fails

Whyte likewise fails to present a meritorious defense. Whyte attempts to raise only one defense: that ESB lacks standing to foreclose. As an initial matter, Whyte has expressly recognized that ESB validly holds the note and mortgage in two prior agreements between the parties: (1) a Forbearance Agreement dated October 5, 2010, whereby ESB agreed to discontinue its first foreclosure action against Whyte (filed in July 2008) in exchange for his agreement to begin making payments again, and (2) a Modification Note executed on April 27, 2011. (D.E. # 61, Feuerstein Decl. ¶¶ 8–11.) Pursuant to both agreements, Whyte explicitly agreed that ESB validly holds the note and mortgage. (See id. Ex. A at 2; D.E. # 6, Am. Compl., Ex. G at 2.)

Even assuming that those agreements do not estop Whyte—either contractually or equitably—from now denying that ESB validly holds the note and mortgage, ESB unquestionably has standing. "In a mortgage foreclosure action, a plaintiff has standing where it is both the holder or assignee of the subject mortgage and the holder or assignee of the underlying note at the time the action is commenced." U.S. Bank, N.A. v. Denaro, 950 N.Y.S.2d 581, 582 (2d Dep't 2012) (internal quotation marks and citation omitted). It is well established under New York law that a note may be transferred by either physical delivery or written assignment, and the mortgage passes as an "inseparable incident" of the note. See, e.g., U.S. Bank, N.A. v. Collymore, 890 N.Y.S.2d 578, 580 (2d Dep't 2009); see also Lasalle Bank Nat. Ass'n v. Ahearn, 875 N.Y.S.2d 595, 597 (3d Dep't 2009) (same). An affidavit attesting to physical possession of the note prior to commencement of the action is sufficient to establish physical delivery and thus standing. OneWest Bank, N.A. v. Melina, 14-CV-5290 (JG) (VVP), 2015 WL 5098635, at *4 (E.D.N.Y. Aug. 31, 2015) (citing Kondaur Capital Corp. v. McCary, 981 N.Y.S.2d 547, 548 (2d Dep't 2014)).

Here, ESB has provided the affidavits of Senior Asset Manager Terry Brown and Records Management Coordinator Keith Newman attesting that ESB obtained physical possession of the

5

note and mortgage no later than November 12, 2007—nearly a year prior to commencement of this suit. (See D.E. # 61-2, Newman Aff. ¶ 14; D.E. # 61-3, Brown Aff. ¶ 4.) Under New York law, these affidavits are sufficient to establish that ESB physically possessed the note and mortgage prior to filing this action and, therefore, that ESB has standing. See Melina, 2015 WL 5098635, at *4. Because physical delivery is sufficient to transfer both the note and the attendant right to foreclose, the Court need not address any purported deficiencies in the chain of title. See HSBC Bank USA, Nat. Ass'n v. Sage, 977 N.Y.S.2d 446, 448 (3d Dep't 2013) (holding that plaintiff's "physical possession of the note and mortgage" was sufficient to confer standing despite purported deficiencies in written assignments); Deutsche Bank Nat. Trust Co. v. Whalen, 969 N.Y.S.2d 82, 84 (2d Dep't 2013) ("Since the plaintiff established its standing by physical delivery, we need not address the validity of the subsequently executed document assigning the mortgage and note.").

## CONCLUSION

For the reasons stated above, the Court declines to restore Whyte's abandoned motion to vacate the default judgment to the docket and, alternatively, concludes that Whyte's motion to vacate the default judgment is meritless. The Clerk of Court is directed to terminate Whyte's motion (D.E. # 60), accordingly.

SO ORDERED.

Dated: January 21, 2016
Brooklyn, New York

s/Carol Bagley Amon

Carol Bagley Amon
Chief United States District Judge