UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
EASTERN SAVINGS BANK, FSB,

            Plaintiff,

  -against-

AUL WHYTE a/k/a AUL BRIAN WHYTE; JFD
CONTRACTING CO., INC.; CONSOLIDATED
EDISON CO. OF NEW YORK, INC.; FIA CARD
SERVICES, N.A.; NEW YORK CITY PARKING
VIOLATIONS BUREAU; NEW YORK CITY
ENVIRONMENTAL CONTROL BOARD; MICHAEL
DAVENPORT; ANDREW DAVENPORT; CHRIS
DAVENPORT; MICHAEL PEREZ; JENNIFER
TARIN; ALEXANDRO TARIN; and ROBERT
CENADA,

            Defendants.
------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM AND ORDER**
13-CV-6111 (CBA) (LB)

**AMON, Chief United States District Judge:**

Plaintiff Eastern Savings Bank, FSB ("ESB") requests a voluntary dismissal of this foreclosure action as against defendant Michael Davenport pursuant to Federal Rule of Civil Procedure 41(a)(2). (D.E. # 69, Defs.' Motion for Voluntary Dismissal ("Defs.' Mot.").)

Davenport, proceeding pro se, answered the amended complaint on January 21, 2014. (D.E. # 34.) Once a defendant has answered the complaint, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Such dismissals are left to the "sound discretion" of the trial court. Hoolan v. Stewart Manor Country Club, LLC, 887 F. Supp. 2d 485, 496 (E.D.N.Y. 2012) (quoting Catanzano v. Wing, 277 F.3d 99, 109 (2d Cir. 2001)).

In the Second Circuit, "[t]wo lines of authority have developed with respect to the circumstances under which a dismissal without prejudice might be improper." Camilli v. Grimes, 436 F.3d 120, 123 (2d Cir. 2006).

1

The first holds that dismissal would be improper if "the defendant would suffer some plain legal prejudice other than the mere prospect of a second lawsuit." Id. (quoting Cone v. W. Va. Pulp & Paper Co., 330 U.S. 212, 217 (1947)). "Legal prejudice is the impairment of 'some legal interest, some legal claim, [or] some legal argument.'" Staten Island Terminal, LLC v. Elberg, No. 11-CV-3262 (RRM) (LB), 2012 WL 1887126, at *3 (E.D.N.Y. May 23, 2012) (quoting Westlands Water Dist. v. United States, 100 F.3d 94, 97 (9th Cir. 1996)). When determining whether a defendant will suffer legal prejudice as a result of ordering a Rule 41(a)(2) dismissal, the district court "primarily seeks to protect a defendant who is ready to pursue a claim or defense 'in the same action that the plaintiff is seeking to have dismissed.'" Id. (quoting Camilli, 436 F.3d at 124) (emphasis in original). Here, dismissal under Rule 41(a)(2) would not cause Davenport to suffer any plain legal prejudice because he has not alleged any counterclaims or defenses that would be affected by dismissal of this action, (see D.E. # 34, Answer). See id. (concluding that defendant who did not allege any counterclaims or defenses that would be affected by dismissal had not shown that Rule 41(a)(2) dismissal would cause plain legal prejudice).

The second line of authority indicates that a district court should consider various factors, known as the Zagano factors, in determining whether dismissal is appropriate. Camilli, 436 F.3d at 123 (citing D'Alto v. Dahon Cal., Inc., 100 F.3d 281, 283 (2d Cir. 1996), and Zagano v. Fordham Univ., 900 F.2d 12, 14 (2d Cir. 1990)). The Zagano factors include: "(1) the plaintiff's diligence in bringing the motion; (2) any 'undue vexatiousness' on plaintiff's part; (3) the extent to which the suit has progressed, including the defendant's efforts and expense in preparation for trial; (4) the duplicative expense of relitigation; and (5) the adequacy of plaintiff's explanation for the need to dismiss." D'Alto, 100 F.3d at 283 (quoting Zagano, 900 F.2d at 14).

A review of the Zagano factors likewise supports dismissal without prejudice. ESB has exercised diligence in requesting this dismissal and nothing in the record suggests vexatious

2

conduct by ESB. Moreover, Davenport has not appeared, participated in motion practice or discovery, or otherwise defended this action since answering the complaint, which he did pro se. Davenport has thus incurred minimal, if any, costs in litigating this action and has not expended any effort engaging in discovery or preparing for trial.

Finally, defendants explanation for seeking dismissal is adequate. Defendants seek to voluntarily dismiss their claims against Davenport because he no longer appears to be a necessary or appropriate party to this action. (Defs.' Mot. at 1.) Davenport was named as a defendant because, at the time the amended complaint was filed, he was a tenant of the property that is the subject of this mortgage foreclosure action ("the Property"). (See D.E. # 6, Am. Compl. ¶ 9.) Mail sent to Davenport at the Property has been returned as undeliverable, (D.E. # 65), however, indicating that he is no longer a tenant. Moreover, Davenport's answer stated that he was a month-to-month tenant: "[A] month-to-month tenant is not considered a necessary party to a mortgage foreclosure action." Oligbo v. Louis (In re Oligbo), 328 B.R. 619, 638 (Bankr. E.D.N.Y. 2005); see also N.Y. Real Prop. Acts. Law § 1311 (establishing that only "tenant in fee, for life, by the curtesy, or for years" must be made a party to a foreclosure action). Given that Davenport appears to have vacated the property and, in any event, was not a necessary party to begin with, the Court agrees that he is no longer a necessary or appropriate party to this action.

For these reasons, the Court exercises its discretion to dismiss this action without prejudice as against Michael Davenport. The Clerk of Court is directed to enter judgment accordingly.

SO ORDERED.

Dated: April 4, 2016
Brooklyn, New York

s/Carol Bagley Amon

Carol Bagley Amon
Chief United States District Judge

3